## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | | |
|---|---|---|
| SOURCETECH, LLC,<br>a Virginia limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 5:20-cv-00041 |
| DEATSCHWERKS, LLC,<br>an Oklahoma limited liability company, | ) ) ) | |
| Defendant. | ) | |

### DEFENDANT'S AMENDED MOTION TO TRANSFER VENUE

Defendant DeatschWerks, LLC ("DeatschWerks"), pursuant to 28 U.S.C. § 1404(a), respectfully requests that this Court transfer this case to the U.S. District Court for the Western District of Oklahoma. In support hereof, DeatschWerks submits the following Memorandum of Law.

Respectfully submitted,


*/s/* Jason C. Bollinger
Anne E. Zachritz, OBA No. 15608
Jason C. Bollinger, OBA No. 33794
RESOLUTION LEGAL GROUP
1214 N. Hudson Ave.
Oklahoma City, OK 73103
Tel: (405) 235-6500
Fax: (405) 758-4775
Email:  anne@resolutionlegal.com
          jcbollinger@resolutionlegal.com

and

Rosalie Pemberton Fessier
VSB #39030
Brittany E. Shipley
VSB #93767
TimberlakeSmith
25 North Central Avenue
P.O. Box 108
Staunton, VA  24402-0108
Phone: 540/885-1517
Fax:    540/885-4537
Email:   rfessier@timberlakesmith.com
            bshipley@timberlakesmith.com

***Attorneys for Defendant DeatschWerks, LLC***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | | |
|---|---|---|
| SOURCETECH, LLC,<br>a Virginia limited liability company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:20-cv-00041 |
| | ) | |
| DEATSCHWERKS, LLC,<br>an Oklahoma limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO TRANSFER VENUE

In support of its Motion to Transfer Venue, Defendant DeatschWerks, LLC submits the following memorandum of law:

## FACTUAL BACKGROUND

Plaintiff Sourcetech, LLC, f/k/a Global Safety Products ("Sourcetech"), is a Virginia limited liability company with its principal place of business in Winchester, Frederick County, Virginia. (Doc. 1-1, ¶ 1). Defendant DeatschWerks, LLC ("DeatschWerks") is an Oklahoma limited liability company with its principal place of business in Oklahoma City, Oklahoma. (Doc. 1-1, ¶ 2). This lawsuit arises from a 2008 contract between the parties. (Doc. 1-1, ¶ 3). Pursuant to the contract, Sourcetech supplied DeatschWerks with high-performance fuel pumps and other fuel system parts for over a decade. *Id.* The contract was formed in Oklahoma County, Oklahoma, was substantially performed in Oklahoma County, Oklahoma, and was allegedly breached, in whole or in part, in Oklahoma County, Oklahoma. Ex. 1,

Declaration of David Deatsch, ¶¶ 6, 11. Thus, a substantial part of the events and actions giving rise to Sourcetech's claims occurred within the Western District of Oklahoma.[1] DeatschWerks also requested that Sourcetech facilitate provision of engineering design services, product development and manufacturing services for DeatschWerks in Oklahoma City, Oklahoma. *Id.*, ¶ 11.

Since 2008, Sourcetech has regularly conducted and transacted substantial business activity with DeatschWerks in the Western District of Oklahoma. *Id.*, ¶¶ 8, 9, 11. Accordingly, Sourcetech has sufficient minimum contacts with the Western District of Oklahoma such that the Western District of Oklahoma has personal jurisdiction over Sourcetech, Okla. Stat. tit. 12., § 2004(F), and this action could have been brought originally in the Western District of Oklahoma. 28 U.S.C. § 1404(a).

For these reasons, which are more thoroughly set forth below, this case should be transferred to the U.S. District Court for the Western District of Oklahoma ("Western District of Oklahoma").

## ARGUMENT AND AUTHORITIES

In deciding a motion to transfer venue, the Court must perform a two-part analysis. *Owner-Operator Indep. Drivers Ass'n, Inc. v. N. Am. Van Lines, Inc.*, 382 F. Supp. 2d 821, 824 (W.D. Va. 2005) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). First, the Court must determine whether the case could originally have been

---

[1] The Western District of Oklahoma comprises the counties in the western half of the State of Oklahoma and includes the entirety of the City of Oklahoma City. *See* U.S. District Court for the Western District of Oklahoma's Local Rules, pg. 3. http://www.okwd.uscourts.gov/wp-content/uploads/local_rules_6-22-2018A.pdf

brought in the district to which transfer is sought, which requires that personal jurisdiction and venue be proper in the transferee court. *Koh v. Microtek, Int'l,* 250 F. Supp.2d 627, 630 (E.D. Va. 2003); *see also Hengle v. Curry,* No. 3:18cv100, 2018 WL 3016289, at * 5 (E.D. Va. June 15, 2018). Second, the Court must determine, in its discretion, whether the action should be transferred for the convenience of the parties and witnesses in the interest of justice. *Koh,* 250 F. Supp. 2d at 630; 28 U.S.C. § 1404(a).

## I.   THIS CASE COULD HAVE ORIGINALLY BEEN BROUGHT IN THE WESTERN DISTRICT OF OKLAHOMA

### A. The U.S. District Court for the Western District of Oklahoma has personal jurisdiction over the parties.

To determine whether a transferee court may exercise personal jurisdiction over a defendant, a transferor court must apply the long-arm statute of the state in which the transferee court is located. *Gimer v. Jervey,* 751 F. Supp. 570, 573 (W.D. Va. 1990) (citing *English & Smith v. Metzger*, 901 F.2d 36 (4th Cir. 1990)).  The reviewing court must determine whether the statutory language of the relevant long-arm statute applies to the defendant, and if it does, whether the transferee court's assertion of jurisdiction is consistent with the Due Process Clause of the Constitution. *Id*.

Oklahoma's long-arm statute is co-extensive with the limits of due process. Okla. Stat. tit. 12, § 2004(F). Therefore, the Western District of Oklahoma can exercise personal jurisdiction over Sourcetech if Sourcetech "'purposefully directed' [] activities at residents of the forum, and the litigation results from alleged injuries

that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *see also Klar v. Federal Nat. Mortg. Ass'n*, 2014 WL 106177, at * 2 (E.D. Va. January 8, 2014) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The transferee court in the Western District of Oklahoma can exercise personal jurisdiction over Sourcetech, as Sourcetech's activities in Oklahoma, even if limited, gave rise to or are directly related to the cause of action in question. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

### B. Venue is proper in the Western District of Oklahoma.

Venue is proper in a judicial district in which any defendant resides or where a substantial part of the events occurred. 28 U.S.C. § 1391(b). An entity is deemed to reside, for venue purposes, in any judicial district in which such entity is subject to the court's personal jurisdiction with respect to the civil action. 28 U.S.C. § 1391(c). In determining whether events are sufficiently substantial to support venue, a court should not only focus on the matters in dispute or which led to the action's filing but, rather, should review "the entire sequence of events underlying the claim." *Mitrano v. Hawes,* 377 F.3d 402, 405 (4th Cir. 2004).

Sourcetech delivered high-performance fuel pumps and other fuel system parts to DeatschWerks in Oklahoma City, Oklahoma, and not in the Western District of Virginia, for over a decade. Ex. 1, ¶¶ 8-11. Sourcetech also provided engineering design, product development and manufacturing services for DeatschWerks in Oklahoma City, Oklahoma, and not in the Western District of Virginia. *Id*. Sourcetech's owner traveled to the Western District of Oklahoma to meet with

4

DeatschWerks' owner on multiple occasions. *Id.*, ¶ 8. Conversely, neither DeatschWerks' owner nor any other DeatschWerks personnel ever traveled to the Western District of Virginia. *Id.*, ¶ 9. As the events and actions in question occurred in whole or in part within the Western District of Oklahoma, and DeatschWerks resides in the Western District of Oklahoma, venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1391(b) and (c).

## II.   THIS COURT'S PRECEDENT FAVORS TRANSFER TO THE WESTERN DISTRICT OF OKLAHOMA.

Because this case could have originally been brought in the Western District of Oklahoma, this Court can exercise its discretion to transfer the case "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The Court has discretion under Section 1404(a) to grant a motion for change of venue on a "case-by-case basis" considering convenience and fairness. *Owner-Operators Independent Drivers' Ass'n*, 382 F. Supp. 2d at 824. (citing *Van Dusen*, 376 U.S. at 622). In determining whether convenience and fairness are served by transfer, the Court should evaluate several factors, including (1) the parties' contact with the forum state; (2) the contacts relating to plaintiff's cause of action in its chosen forum; and (3) the ease of access to documentary evidence and non-party witnesses. *Id.* (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29-31 (1988)).

The weight of the factors considered in deciding a motion to transfer should be "commensurate with the degree each impacts the policy behind section 1404(a) – that is, to make the trial 'easy, expeditious and inexpensive.'" *Glamorgan Coal Corp. v. Ratners Group, PLC*, 854 F.Supp. 436, 437 (W.D. Va. 1993) (citing *Gulf Oil Corp. v.*

*Gilbert,* 330 U.S. 501 (1947), abrogated on other grounds). The majority of these factors show that trial in the Western District of Oklahoma would be "easy, expeditious and inexpensive" – at least, more so than trial in the Western District of Virginia.

### A. DeatschWerks' Contact with the Western District of Virginia is Negligible at Best.

DeatschWerks has had little-to-no contact with the Western District of Virginia, and this factor weighs in favor of transfer to the Western District of Oklahoma. DeatschWerks' managing member executed the contract from which this dispute arose in Oklahoma City, Oklahoma, and not in the Western District of Virginia. Ex. 1, ¶ 6. DeatschWerks has, for over a decade, placed its orders from and received products from Sourcetech in Oklahoma City, Oklahoma, and not in the Western District of Virginia. *Id.*, ¶ 11. Sourcetech's owner traveled to the Western District of Oklahoma to meet with DeatschWerks' owner on multiple occasions. *Id.*, ¶ 8. Conversely, neither DeatschWerks' owner nor any other DeatschWerks personnel ever traveled to the Western District of Virginia. *Id.*, ¶ 9. DeatschWerks does not do, nor has it ever done, business with any other vendor located in the Western District of Virginia. *Id.*, ¶ 10. DeatschWerks is a citizen of and is domiciled in the Western District of Oklahoma. (Doc. 1-1, ¶ 2). In short, other than its business relationship with Sourcetech, DeatschWerks has no connection whatsoever to the Western District of Virginia.

6

**B. DeatschWerks' Contacts Relating to Sourcetech's Cause of Action and the Western District of Virginia are Nearly Nonexistent.**

This factor also weighs in favor of transfer to the Western District of Oklahoma. As previously stated herein, this lawsuit arises from a 2008 contract between the parties. (Doc. 1-1, ¶ 3). Pursuant to the contract, Sourcetech supplied DeatschWerks with high-performance fuel pumps and other fuel system parts for over a decade. *Id.* The contract was formed in Oklahoma County, Oklahoma, was substantially performed in Oklahoma County, Oklahoma, and was allegedly breached, in whole or in part, in Oklahoma County, Oklahoma. *Id.*; Ex. 1, ¶¶ 6, 11. Sourcetech can point to no action on DeatschWerks' part related to its claims against DeatschWerks which took place in the Western District of Virginia. To the contrary, all of DeatschWerks' relevant actions, as Sourcetech alleges, took place in the Western District of Oklahoma. *See* (Doc. 1-1, ¶ 3); *see also* Ex. 1, ¶ 6, 11.

**C. Ease of Access to Documentary Evidence and Non-Party Witnesses is Furthered by Transfer to the Western District of Oklahoma.**

This factor weighs heavily in favor of transfer to the Western District of Oklahoma. Convenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted and is often dispositive in transfer decisions. *Glamorgan Coal Corp.*, 854 F. Supp. at 438; *see also Fuji Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006). Moreover, "[t]he convenience of non-party witnesses is accorded more weight than that of party witnesses." *See Indian Harbor Ins. Co. v. Factory Mut.*

*Ins. Co.*, 419 F.Supp.2d 395, 402 (S.D.N.Y. 2005). All of DeatschWerks' witnesses are in the Western District of Oklahoma. Ex. 1, ¶ 12.

Although "swapping one party's inconvenience for another does not support transfer", *Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 693 (S.D.N.Y. 1994), common sense dictates that when one party's witnesses are severely inconvenienced, or worse, unavailable because of an inability to compel attendance, the party itself is severely inconvenienced. *ESPN, Inc. v. Quicksilver, Inc.*, 581 F. Supp. 2d 542, 549-550 (S.D.N.Y. 2008). DeatschWerks will be prejudiced if its non-party witness testimony is limited to deposition testimony, as its witnesses cannot be compelled to testify in the Western District of Virginia.

Further, as DeatschWerks is located in the Western District of Oklahoma (Doc. 1-1, ¶ 2), the contract at issue was performed in the Western District of Oklahoma and a substantial part of the actions and events giving rise to Sourcetech's claims occurred in the Western District of Oklahoma (Doc. 1-1, ¶ 3; Ex. 1, ¶¶ 6, 11), a majority of the discovery in this case is likely to take place in the Western District of Oklahoma. *Cf. Glamorgan Coal Corp.*, 854 F. Supp. at 438 (citing *Steinhardt Partners v. Smith Barney, Harris Upham & Co.*, 716 F. Supp. 93, 95 (S.D.N.Y. 1989)). Transfer of venue from the Western District of Virginia to the Western District of Oklahoma is clearly warranted for the convenience of the parties and the witnesses.

## III. THE INTEREST OF JUSTICE WOULD BE FURTHERED IN THE WESTERN DISTRICT OF OKLAHOMA.

When a defendant files a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), a district court should transfer the case unless extraordinary circumstances

unrelated to convenience of the parties clearly disfavor transfer. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 50-51 (2013). No such extraordinary circumstances are present here. 28 U.S.C. § 1404(a) was drafted in accordance with the doctrine of *forum non conveniens. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981). And "the central focus of [a] *forum non conveniens* inquiry is convenience." *Id.* at 249.

DeatschWerks is located in the State of Oklahoma with its principle place of business in Oklahoma City, which is within the Western District of Oklahoma. (Doc. 1-1, ¶ 2); *see Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 593 (considering the principle place of business of a defendant corporation as a factor in a transfer analysis). DeatschWerks' ongoing business with Sourcetech requires Sourcetech to ship orders to DeatschWerks in Oklahoma. Ex. 1, ¶ 11. DeatschWerks' members are located in Oklahoma. (Doc. 13, ¶¶ 10-12). The alleged breach of contract occurred in Oklahoma. (Doc. 1-1, ¶ 3); Ex. 1, ¶¶ 6, 11. All of DeatschWerks' witnesses are in Oklahoma (Ex. 1, ¶ 12), and for the reasons stated herein, a majority of the discovery in this matter will take place in the Western District of Oklahoma. For these reasons and more, the interest of justice weighs heavily in favor of transfer to the Western District of Oklahoma.

A plaintiff's choice of forum is to be given a degree of deference when (1) it chooses to file suit in the district in which it resides and (2) a close nexus exists between that forum and the plaintiff's underlying claims. *See, e.g., Koster v. (American) Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 524 (1947); *see also Doe v.*

*Connors,* 796 F. Supp. 214, 221 (W.D. Va. 1992). Here, neither (1) did Sourcetech originally file suit in the Western District of Virginia (it originally filed in the Circuit Court for Frederick County (*see* Doc. 1-1)) nor (2) does a close nexus exist between the Western District of Virginia and Sourcetech's claims. Every factor relevant to the Court's decision regarding transfer of this case to the Western District of Oklahoma points in favor of transfer, and DeatschWerks would be severely prejudiced if required to litigate in the Western District of Virginia. As such, the Court's decision is easy: for the convenience of the parties and witnesses, and in the interest of justice, this case should be transferred to the Western District of Oklahoma. *See* 28 U.S.C. § 1404(a).

## **CONCLUSION**

As all of the relevant factors discussed herein indicate favor for transfer to the Western District of Oklahoma, Defendant DeatschWerks, LLC respectfully requests that this Court grant its motion to transfer venue to that District pursuant to 28 U.S.C. § 1404(a), and award DeatschWerks, LLC its attorney fees and costs incurred in this action, as well as all additional relief this court deems just and equitable.

Respectfully submitted,

*/s/* Jason C. Bollinger
Anne E. Zachritz, OBA No. 15608
Jason C. Bollinger, OBA No. 33794
RESOLUTION LEGAL GROUP
1214 N. Hudson Ave.
Oklahoma City, OK  73103
Tel: (405) 235-6500
Fax: (405) 758-4775
Email:  anne@resolutionlegal.com
        jcbollinger@resolutionlegal.com

10

and

Rosalie Pemberton Fessier
VSB #39030
Brittany E. Shipley
VSB #93767
TimberlakeSmith
25 North Central Avenue
P.O. Box 108
Staunton, VA  24402-0108
Phone: 540/885-1517
Fax:     540/885-4537
Email:   rfessier@timberlakesmith.com
              bshipley@timberlakesmith.com

***Attorneys for Defendant DeatschWerks, LLC***

## CERTIFICATE OF SERVICE

I certify that on September 21, 2020, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James C. Cosby
James W. Walker
Katherine M. Rockwell
O'Hagan Meyer, PLLC
411 East Franklin St., 5th Floor
Richmond, VA 23219

***Attorneys for Plaintiff Sourcetech, LLC***

/s/ Jason C. Bollinger
Jason C. Bollinger