IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SOURCETECH, LLC,<br>a Virginia limited liability company<br><br>Plaintiff,<br><br>v.<br><br>DEATSCHWERKS, LLC,<br>an Oklahoma limited liability<br>company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 5:20-cv-00041<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF DAVID DEATSCH

1. My name is David Deatsch, and I am over eighteen years of age, am of sound mind, am capable of making and am qualified to make this Declaration. I have personal knowledge regarding the facts and statements made herein, and they are true and correct.

2. I reside in Edmond, Oklahoma.

3. I am the founder and managing member of DeatschWerks, LLC ("DeatschWerks"), an Oklahoma limited liability company, the defendant in the above-captioned lawsuit, and have been during all times relevant to this lawsuit.

4. On or about the first day of December 2008, I, on DeatschWerks' behalf, entered into a Confidential, Non-Circumvention, Non-Competition and Non-Solicitation Agreement ("Agreement") with Global Safety Products, LLC, also known as GSP International, and today known as Sourcetech, LLC, the plaintiff in this lawsuit.

5. A true and correct copy of the Agreement is attached hereto as Exhibit A.

**EXHIBIT 1**

6. I, on DeatschWerks' behalf, signed the agreement at DeatschWerks' office in Edmond, Oklahoma, and transmitted a signed copy to Andrew Patterson via email.

7. Andrew Patterson, on Sourcetech's behalf, signed the Agreement from, upon information and belief, Sourcetech's office in Winchester, Virginia, and transmitted a signed copy to me via email.

8. Following the Agreement's execution and commencement of DeatschWerks' and Sourcetech's commercial relationship, Andrew Patterson visited DeatschWerks' offices in Edmond, Oklahoma, and Oklahoma City, Oklahoma, on at least two occasions.

9. Neither I nor any other DeatschWerks representative have visited the Commonwealth of Virginia or more particularly, the Western District of Virginia, related to the Agreement or DeatschWerks' and Sourcetech's relationship.

10. DeatschWerks does not do, nor has it ever done, business with any other vendor located in the Commonwealth of Virginia or more particularly, the Western District of Virginia.

11. Throughout the entirety of DeatschWerks' relationship with Sourcetech, DeatschWerks placed its orders with Sourcetech from Edmond, Oklahoma, and Oklahoma City, Oklahoma.

12. All individuals who may serve as witnesses in this lawsuit on DeatschWerks' behalf reside and are currently located in Oklahoma City, Oklahoma.

Executed on this 18 day of September 2020.

David Deatsch

STATE OF OKLAHOMA        )
                         ) ss:
COUNTY OF OKLAHOMA       )

    Subscribed and sworn to before me this 18th day of September 2020.

[SEAL]

                                                                  _____
                                                                  Notary Public

My Commission Expires: 06·03·24

My Commission Number: 20006498

*Name change — Virginia* — 12/4/2008

# CONFIDENTIAL, NON-CIRCUMVENTION, NON-COMPETITION AND NON-SOLICITATION AGREEMENT

...bal Safety Products, LLC, also known as GSP International, and hereby referred to as GSP, located at 603 West Broad Street, Suite #2, Falls Church, Virginia, and **Deatsch Werks**, located at **3601 Equestrian Ct Edmond, OK** anticipate that they will exchange certain confidential information relating to their respective businesses in discussions or negotiations in pursuit of, or during the course of, a business relationship between them. The parties are therefore entering into this Agreement in order to assure the confidentiality of such information, their non-circumvention of one another in accordance with the terms of this Agreement, and other matters.

1. **Confidential Information.** For purposes of this Agreement, the term "Confidential Information" shall mean all information disclosed orally or in writing, whether prior to or after the date hereof, by the parties to each other related to their respective businesses, including without limitation information about their respective finances, business plans and strategies, operations, business contacts, marketing and development strategies, customers and competitors, suppliers and manufacturers, and similar information about their respective affiliated entities, whether or not marked or identified as confidential. The term "Confidential Information" does not include any information that, at the time of disclosure or thereafter (a) was generally available to or known by the public (other than as a result of acts in breach of this Agreement), (b) was received by the recipient party from a third party which was not bound by any obligation of confidentiality with respect to the information, (c) was independently acquired or developed by the recipient party without the use of any information provided by the other party hereunder, as demonstrated by the records of the recipient party; or (d) is required to be disclosed by a subpoena or order issued by a court of competent jurisdiction or by a governmental agency.

2. **Use of Confidential Information.** Each party shall keep and hold confidential, and shall require its respective shareholders, directors, officers, employees, affiliates, partners, associates, advisors, agents and representatives to keep and hold confidential, any and all Confidential Information received from the other party. Neither party shall disclose any Confidential Information to third parties nor to employees or representatives who do shall not have a need to know it, and neither party use or permit use of any Confidential Information except for the purposes of pursuing or carrying out transactions with the other party.

3. **Return of Confidential Information.** Each party shall promptly deliver or cause to be delivered to the other, after termination for any reason of the business relationship between them, or at any time upon the written request of the other party, any documents containing Confidential Information which have previously been delivered to it and any copies thereof.

*Drew had worked w/a prior contact manufacturer developed in conjunction with Douglas McCarthy - local atty*

7/1/08

Page 1
EXHIBIT A

Dec 4, 2008

# CONFIDENTIAL, NON-CIRCUMVENTION, NON-COMPETITION AND NON-SOLICITATION AGREEMENT

Non-Disclosure. Without the prior written consent of the other party, neither a party nor its representatives will disclose to any person any of the terms, conditions or other facts with respect to any transaction with the other party, unless otherwise required by law or government agency.

5. Non-Circumvention, Non-Competition, and Non-Solicitation. __Deutsch Werks__ agrees that, except with the participation of GSP on terms satisfactory to GSP, it will not pursue or conduct any business whatsoever, directly or through any intermediary, with any manufacturers, suppliers or other entities in China introduced to it by GSP, or developed by GSP in concert with __Deutschwerks__ or independently. Neither party will solicit, hire, retain, or engage any of the other party's employees or former employees without the prior written consent of the other party.

6. Binding Agreement; Successors and Assigns; Survival. This Agreement, including but not limited to the non-circumvention, non-competition, and non-solicitation provisions of paragraph 5, shall be binding on the parties and their respective shareholders, directors, officers, employees, affiliates, advisors, agents, representatives, partners, associates, affiliates, successors and assigns. This Agreement shall inure to the benefit of the respective parties and their successors and assigns. This Agreement, including but not limited to the non-circumvention, non-competition, and non-solicitation provisions of paragraph 5, **shall survive for a period of five (5) years** following the termination of the business relationship between the parties.

7. No License. The parties acknowledge and agree that they are, and shall each remain, the exclusive owners of their respective Confidential Information and of all intellectual property rights therein. No license or conveyance of such rights by either party to the other is granted or implied under this Agreement

8. General Terms. If any provision of this Agreement is declared void or unenforceable, such provision shall be severed from this Agreement, which shall otherwise remain in full force and effect. If either party waives a breach of this Agreement by the other party, such waiver shall not operate as or be construed as a waiver of subsequent breaches whether similar, identical or unrelated. In the event any suit or other action is commenced to enforce any provision of this Agreement, the prevailing party shall be entitled to reasonable reimbursement for attorney's fees and costs. Each party recognizes that any actual or threatened disclosure of Confidential Information or any circumvention, competition or solicitation in violation of this Agreement may cause irreparable injury and that the other party therefore shall be entitled to injunctive relief, a decree of specific performance or other equitable relief, without bond or similar arrangement, upon a proper showing of such a violation, without the necessity

## CONFIDENTIAL, NON-CIRCUMVENTION, NON-COMPENTITION AND NON-SOLICITATION AGREEMENT

of demonstrating actual monetary damage; provided, however, that it is understood and agreed that the seeking or obtaining of any such relief shall not prevent the seeking or obtaining of any other relief, including the remedy of damages. This Agreement may not be modified except in writing signed by both parties hereto. This Agreement shall be governed by the laws of the State of Virginia, without regard to its conflict of laws rules.

IN WITNESS WHEREOF, the parties hereby have caused this Confidentiality, Non-Circumvention, Non-Competition, and Non-Solicitation Agreement to be executed as of the day and year above written.

| | |
|---|---|
| Global Safety Products, LLC, (DBA GSP International) for itself and its shareholders, directors, officers, employees, affiliates, partners, associates, agents, representatives, advisors, successors and assigns<br><br>By: _[signature]_<br>Andrew W. Patterson, President<br><br>Date: 12/4/08 | _DeatschWerks_, for itself and its shareholders, directors, officers, employees, affiliates, partners, associates, agents, representatives, advisors, successors and assigns.<br><br>By: _[signature]_<br>Authorized Officer<br><br>Name: David Deatsch<br>Title: President<br>Date: 12/1/08 |

Amendment - see attached email for listing of companys in China DeatschWerks is currently working with.

7/1/08  Page 3

Monday, December 1, 2008 10:11 AM

Subject: Re: Injector Manufacturing
Date: Wednesday, November 26, 2008 3:55 PM
From: David Deatsch <david@deatschwerks.com>
To: Drew Patterson <dpatterson@gspresults.com>

Drew,

I received a message from you following up on the PowerPoint. I did not get the powerpoint email. Can you please resend it. It may be getting blocked so please try my other email... ddeatsch@gmail.com

The companies I have worked with in China are listed below. I would like them listed as exception on our NDA as we move forward...

Jinjiang Junri Machinery Co., Ltd.
Quanzhou, Fujian

Ningbo Tocean Auto & Industrial Parts Co., Ltd.
Ningbo, Shaoxing, Wenzhou

Yueqing Brifar Electrical Co., Ltd.
HONGQIAO TOWN, YUEQING CITY, ZHEJIANG, CHINA

GZ-CB/Well Express
Mongkok, Kowloon, Hong Kong

There are several other companies I have "found" on Alibaba but the above companies are the only ones I have worked with.

Best regards,

David Deatsch
DeatschWerks
405-415-6862