## *IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA*
HARRISONBURG DIVISION

| | |
|---|---|
| SOURCETECH, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 5:20-cv-00041 |
| ) | |
| DEATSCHWERKS, LLC, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

Plaintiff SOURCETECH, LLC ("SOURCETECH") by counsel, states as follows in opposition to Defendant DeatschWerks, LLC's ("DeatschWerks") Motion to Transfer Venue:

### INTRODUCTION

This case concerns a breach of DeatschWerks' contractual obligations to SOURCETECH and misappropriation of its proprietary designs. SOURCETECH is a designer and supplier of, among other things, custom, high-performance automotive fuel pumps and fuel system components. SOURCETECH has its only place of business at 205 Brick Kiln Road, Frederick County, Virginia. DeatschWerks is a seller of high-performance fuel pumps and other fuel delivery components. DeatschWerks has its principal place of business at 415 E. Hill Street, Oklahoma City, Oklahoma. SOURCETECH and DeatschWerks (the "Parties") had a business relationship where SOURCETECH would design and supply DeatschWerks with high-performance fuel pumps and other fuels system parts. SOURCETECH engaged international manufacturers to produce its designs. The Parties conducted their business almost entirely remotely, either by telephone, email, or other electronic communication.

1

In 2008 the Parties entered into a Non-Competition and Non-Solicitation Agreement (the "Agreement"), attached to the Complaint as Exhibit A, whereby DeatschWerks agreed that it would not pursue or conduct any business with any manufacturer, supplier, or other entity introduced to DeatschWerks by SOURCETECH. ECF No. 18-1. During the course of their business relationship, SOURCETECH introduced DeatschWerks to two manufacturing companies located in China. In and since 2018, DeatschWerks breached its contractual obligation to SOURCETECH by working directly with these two international manufacturing companies and by misappropriating SOURCETECH's designs and proprietary work.

SOURCETECH filed its Complaint in Frederick County Circuit Court, the venue in which its sole owner resides and where SOURCETECH has its only place of business. DeatschWerks removed the action to this Court and now requests that the action be transferred to the Western District of Oklahoma. In its Answer to the Complaint, Deatschwerks admitted the following:

> DeatschWerks contracted with SOURCETECH, a Virginia company with its principal place of business in Frederick County. For over a decade, DeatschWerks has regularly and systematically ordered and SOURCETECH has supplied high-performance fuel pumps and other fuel system parts. Over the same period, DeatschWerks has requested and SOURCETECH has provided engineering design and product development and manufacturing services for DeatschWerks.

Compare Complaint (ECF No. 18-1 ¶ 3) with Answer (ECF No. 23 ¶ 3). DeatschWerks also admits that it is subject to personal jurisdiction in Virginia and that the Agreement is governed by Virginia law. *See* ECF No. 23 ¶¶ 3, 4 and Agreement ¶ 8.[1]

---

[1] By conceding that it is subject to personal jurisdiction in the Commonwealth, Deatschwerks necessarily admits that there is sufficient evidentiary basis for one or more of the following: (i) that it "transacted business" in Virginia; (ii) that it "caused tortious injury by an act or omission" in Virginia, or (iii) that it caused tortious injury in Virginia by an act or omission outside of Virginia *and* "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered" in Virginia. *See* Va. Code § 8.01-328.1 (stating the basis for long arm jurisdiction over a nonresident.) DeatschWerks also necessarily admits that the causes of action

2

In its Motion to Transfer Venue, DeatschWerks concedes that venue is proper in this district and that its request to transfer the case to Oklahoma is based solely on 28 U.S.C. § 1404(a) and the alleged "convenience" of that district for trial.[2] Venue is indeed proper in this district (and the Harrisonburg division) because the action was removed from a circuit court within the district and division. The sole question before the Court is whether DeatschWerks can demonstrate that the Western District of Oklahoma is a more "convenient" forum for the parties and witnesses as that principle has developed under 28 U.S.C. § 1404(a). It cannot.

## ARGUMENT

### I.  Venue is Proper in the Western District of Virginia.

It is a "long-standing rule of federal civil procedure that when a case is removed to federal court, the general removal statute governs venue." *Smith v. JP Morgan Chase Bank, N.A.*, 727 F.Supp.2d 476, 479 (S.D. W.Va. 2010) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66, 73 S. Ct. 900, 97 L. Ed. 1331 (1953)). The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The general venue statute, 28 U.S.C. § 1391, "has no application to this case because this is a removed action." *Gentry Locke Rakes & Moore, LLP v. Energy Development. Corp.*, No. 7:17-CV-102, 2017 WL 1498117, at *2 (W.D. Va. Apr. 25, 2017).

---

stated in the Complaint arise from its contacts with SOURCETECH in Virginia. *Id.* Otherwise, DeatschWerks would have challenged personal jurisdiction.

[2] Curiously, DeatschWerks asserts in its Counterclaim that "venue is not proper in this Court under 28 U.S.C. § 1391. *See* Counterclaim, ECF No. 23 at ¶ 6.

3

This action was brought in the Circuit Court for Frederick County and removed to the Harrisonburg division of Western District of Virginia by DeatschWerks on June 29, 2020. ECF No. 1. Such removal conferred jurisdiction under 28 U.S.C. § 1441(a) and thus venue is proper in the Western District of Virginia. To the extent that DeatschWerks attempts to assert that venue is improper under 28 U.S.C. § 1391, as it did in its Counterclaim, such argument is legally incorrect and should be disregarded by this Court.

## II.     The Relevant Factors Weigh Against Transfer to the Western District of Oklahoma Under 28 U.S.C. § 1404(a).

In its Motion to Transfer Venue, DeatschWerks states that this Court should transfer a case under 28 U.S.C. § 1404(a) unless "extraordinary circumstances exist unrelated to convenience of the parties clearly disfavor transfer," citing to *Atlantic Marine Construction Co. v. U.S. District Court for the Western District. of Texas*, 571 U.S. 49, 56, 134 S. Ct. 568, 578, 187 L. Ed. 2d 487 (2013). ECF No. 24 at 8-9. This statement misrepresents the holding of *Atlantic Marine*. In *Atlantic Marine*, the Supreme Court addressed whether a motion filed pursuant to 28 U.S.C. § 1404(a) is a suitable mechanism to enforce **forum-selection clauses**. *Id*. The Court ruled that forum selection clauses should be enforced through a motion to transfer under § 1404(a) absent extraordinary circumstances, which the Supreme Court called an "adjustment[] required in a § 1404(a) analysis when the transfer motion is premised on a forum-selection clause." *Id*.

The Supreme Court stated that "[i]n the typical case **not** involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a

4

transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id*. (citing 28 U.S.C, § 1404(a)).

This action does not involve a forum selection clause, a fact that is evident from the Agreement both Parties have filed as an exhibit in support of their respective claims. *See* ECF No. 18-1, Exhibit A. Counsel could not, in good faith, read the *Atlantic Marine* opinion and argue that the opinion has any bearing on a typical § 1404(a) motion not involving a forum selection clause.

In deciding § 1404(a) motions to transfer venue that do *not* involve forum selection clauses, courts consider "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers & Pipefitters National Pension Fund v. Plumbing Services, Inc*., 791 F.3d 436, 444 (4th Cir. 2015). The movant (DeatschWerks) bears the burden of bringing forward *facts* demonstrating that transfer is warranted and "must demonstrate that the deference due plaintiff's choice of venue is 'clearly outweighed by other factors.'" *Board of Trustees, Sheet Metal Workers National Fund v. Baylor Heating & Air Conditioning, Inc*., 702 F. Supp. 1253, 1256 (E.D. Va. 1988); *see also Nelson v. Tidal Basin Holding, Inc*., No. 5:19-CV-00030, 2019 WL 6107862, at *1 (W.D. Va. Nov. 15, 2019).

SOURCETECH does not dispute that this case could have been brought originally in the Western District of Oklahoma. However, because Virginia is SOURCETECH's choice of venue, and convenience and the interests of justice do not weigh in favor of transfer, SOURCETECH requests that the Court deny DeatschWerks' Motion to Transfer Venue accordingly.

### A. *The Western District of Virginia is SOURCETECH'S Choice of Forum.*

In determining a § 1404(a) motion to transfer venue, the plaintiff's choice of forum is to be given "considerable deference by the court where that forum is also the district in which he resides and where a close nexus exists between that forum and the plaintiff's underlying claims." *Owner-Operator Independent Drivers Ass'n, Inc. v. North American Van Lines, Inc.*, 382 F. Supp.2d 821, 824 (W.D. Va. 2005); *see also Board. of Trustees. v. Sullivant Avenue Properties, LLC*, 508 F. Supp.2d 473, 477 (E.D. Va. 2007). Further, "when plaintiffs file suit in their home forum, convenience to parties rarely, if ever, operates to justify transfer." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 738 (E.D. Va. 2007).

SOURCETECH chose to file this lawsuit in Frederick County, Virginia because it is a proper forum with both subject matter and personal jurisdiction and because it resides here. SOURCETECH is a small Virginia company that has two full time employees. Owner Drew Patterson resides in Cross Junction, Virginia in Frederick County. *See* Affidavit of Andrew Patterson, Exhibit A ¶ 2. His operations manager, Traci Bray-Taylor, resides in Charlestown, West Virginia, less than 25 miles away. *Id.* ¶ 5.

SOURCETECH transacts the domestic side of its business primarily from its office in Frederick County, or more recently from the residence of its principal Drew Patterson, through electronic communication to its customers. *Id.* ¶¶ 10-11. SOURCETECH conducts the international aspects of its business with overseas manufacturers via phone and email and visits to production facilities when warranted. *Id*. When the principals of SOURCETECH and DeatschWerks have conducted business face-to-face, it has usually been at the Specialty Equipment Market Association trade show in Las Vegas. *Id.* ¶ 11.

6

SOURCETECH drafted the Agreement with DeatschWerks in Frederick County, and executed the Agreement at issue in Frederick County. Exhibit A ¶ 8. The parties exchanged comments and later signed counterparts from their respective offices. *Id.* SOURCETECH designed all the custom products for DeatschWerks in Frederick County, performing all its work under the Agreement in Frederick County. *Id.* ¶ 10. SOURCETECH primarily communicated with DeatschWerks from Frederick County through emails and phone conversations. *Id.* ¶ 11. Most importantly, SOURCETECH felt the harm of DeatschWerks' breach of contract and misappropriation of trade secrets in Frederick County. Accordingly, the Court should afford SOURCETECH's choice of forum considerable deference.

### B. The Convenience of Witnesses, Parties, and Location of Evidence Does Not Weigh in Favor of Transfer.

Although it might be less convenient for DeatschWerks, an Oklahoma company, to appear for trial in Harrisonburg, "[i]nconvenience to the movants alone will not suffice...." *Terry v. Walker*, 369 F. Supp. 2d 818, 823 (W.D. Va. 2005). Further, courts have "refused to transfer on the basis of conclusory affidavits that trial where suit was brought would cause great expense and require importation of witnesses, demanding that the moving parties show what helpful testimony the distant witnesses would provide." *Id.* (citations omitted). Inconvenience of witnesses "cannot be assessed in the absence of reliable information identifying the witnesses involved and specifically describing their testimony." *Board of Trustees, Sheet Metal Workers National Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp.1253, 1258 (E.D. Va. 1988). Furthermore, "in many instances, the original forum is convenient for the plaintiff's witnesses, while the reverse is true for the defendant's witnesses. [] In such circumstances, this court has held that transfer is inappropriate as it would serve only to 'shift the balance of inconvenience.'" *JTH Tax*, 482 F. Supp. 2d at 737 (citations omitted).

In the Declaration filed in support of its Motion to Transfer Venue, DeatschWerks devotes exactly one sentence to the facts underlying its claim that trial in Oklahoma would be so much more convenient that SOURCETECH'S choice of venue should be disregarded:

> 12. All individuals who may serve as witnesses in this lawsuit on DeatschWerks' behalf reside and are currently located in Oklahoma City, Oklahoma.

ECF No. 25-1 ¶ 12. Similarly, Deatschwerks' brief offers entirely conclusory statements about unnamed witnesses in Oklahoma who might be inconvenienced by coming to Virginia for trial. ECF No. 24 at 7-8 and Exhibit 1. Such statements are wholly insufficient to show that inconvenience of witnesses rises to the level where the law necessitates a transfer of venue. A motion to transfer venue based on witness inconvenience should be denied when the movant has not "specifically identified any witness by name or produced affidavits describing such testimony or the inconvenience they will suffer." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 737 (E.D. Va. 2007). DeatschWerks has not identified any witnesses by name, the importance of those witnesses, or the subject matter of any of the witnesses' testimony.

DeatschWerks has further failed to support its statement that it is inconvenienced by being unable to compel its witnesses to testify in Virginia. *See Savvy Rest, Inc. v. Sleeping Organic, LLC*, No. 3:18CV00030, 2019 WL 1435838, at *9 (W.D. Va. Mar. 29, 2019) ("[w]ithout evidence that these witnesses are unwilling to testify voluntarily, this factor becomes less important"). The global pandemic has shown us that trial lawyers, litigants, witnesses and the Court can litigate almost any case without ever having the set foot in a courtroom until trial. Rule 45 of the Federal Rules of Civil Procedure gives both parties nationwide service of process, making it a simple matter to take depositions that can be used at trial if necessary.

8

Beyond its own current employees, SOURCETECH will most likely present important trial testimony from at least two nonparty witness for whom trial in Oklahoma City would be decidedly inconvenient. The first is Dan Rivenbark, an engineering consultant located in Hagarstown, Maryland. Exhibit A ¶ 12. Rivenbark assisted SOURCETECH in developing many of the very product designs that are at the core of the allegations of both the Complaint and the Counterclaim. *Id*. He is personally familiar with ST's designs and ST's efforts to protect the secrecy of its designs. *Id*. He has several years of experience in the automotive aftermarket parts industry. *Id*. In particular, Mr. Rivenbark was the lead engineer for a relatively recent fuel rail project for DW. *Id*. That project appears to be referenced in the Counterclaims for breach of contract and warranty. Mr. Rivenbark has firsthand knowledge of the number of design changes requested by Mr. Deatsch, the nature of those changes, the impact of those demands on the engineering effort and other facts germane to this issue in the case. *Id*.

SOURCETECH will also elicit testimony from Kim Denison, SOURCETECH's accountant and controller since 2012. Exhibit A ¶ 13. Ms. Denison resides in Berryville, Virginia. *Id*. Ms. Denison's work with ST involves knowledge of, among other things, client and vendor agreements, product cost, tariffs and import fees, air and ocean freight rates, client pricing, margins, warranty claims and credits, sales projections, travel to China, engineering, technical services and other product development expenses. *Id*. Ms. Denison is also very familiar with DW's slow payment history and multiple DW vendor credit reference requests. *Id*. In sum, Ms. Denison has extensive knowledge of the damages ST has sustained as a result of DW's conduct. *Id*.

Further, SOURCETECH contracted with Applied Technical Services ("ATS") in Chesapeake, Virginia to perform laboratory testing in connection with warranty claims made by

9

Deatschwerks. *Id*. To the extent DeatschWerks' breach of contract and warranty claims involve DW350il and/or DDW25il pumps, ATS was directly involved in testing and developing a revised new manufacturing specification and quality standard. *Id*.

DeatschWerks has also failed to set forth any specific reasoning for its conclusory assertion that much of the discovery in this case will take place in the Western District of Oklahoma. ECF No. 24 at 8. This case concerns the business relationship of two companies who largely interacted remotely. SOURCETECH contracted with international manufacturers for actual production of its products. Much of the evidence in this case will consistent of documented communications between the parties and with third-party international manufacturing companies, "whose accessibility is unlikely to be affected by the choice of venue." *Terry,* 369 F. Supp. 2d at 823.

DeatschWerks has failed to detail any other tangible evidence that cannot be produced or examined on a computer. DeatschWerks has not identified a single non-party witness whose testimony is both necessary to a full adjudication of this matter and whose testimony cannot be obtained except in Oklahoma City. Without a showing of significant witnesses and physical evidence located outside the Western District of Virginia, DeatschWerks cannot seek transfer of a case based solely on its own inconvenience. *See Board of Trustees, Sheet Metal Workers National Fund*, 702 F. Supp. at 1258 (shifting "the balance of inconveniences from defendant to plaintiffs…does not militate persuasively in favor of transfer"). Therefore, SOURCETECH asserts that DeatschWerks has failed to meet its burden in showing that transfer in this case is appropriate.

### C. *The Interest of Justice Weighs in Favor of the Western District of Virginia.*

The "interest of justice" category "is intended to encompass all those factors bearing on transfer unrelated to convenience of witnesses and parties. Such factors may include, for example, the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties and the possibility of harassment." *Board of Trustees, Sheet Metal Workers National Fund*, 702 F. Supp. at 1260.  The Court has an interest in presiding over claims concerning "local business[s] and Virginia has an interest in providing a forum for its residents to litigate their disputes." *Savvy Rest, Inc. v. Sleeping Organic, LLC*, No. 3:18CV00030, 2019 WL 1435838, at *9 (W.D. Va. Mar. 29, 2019).

In its Motion to Transfer Venue, DeatschWerks, again, provides no valid reasoning to transfer venue based on the interests of justice beyond conclusory, unsubstantiated statements. ECF No. 24 at 8-10.  To the contrary, this Court has a substantial interest in presiding over claims by residents of the Western District of Virginia and this Court is intimately more familiar with the state law claims set forth in **both** the Complaint and Counterclaim, which weigh in favor of keeping this case in the Western District of Virginia.  Beyond these facts, the interest of justice factor does not bear substantial weight for the venue determination in this case.  There are no other pending related actions, there is no premises that may have to be viewed, nor other parties that may have to be joined, and no information that the docket conditions of the two courts are materially different.  DeatschWerks has clearly failed to meet its burden to present facts demonstrating a persuasive reason why the interests of justice weigh in favor of transfer.

## CONCLUSION

WHEREFORE, for the foregoing reasons SOURCETECH, LLC request entry of an order denying DeatschWerks, LLC's Motion to Transfer Venue, attorney's fees and costs incurred in responding to this Motion and action, and for other such relief the Court deems just and appropriate.

**SOURCETECH, LLC**

By: _____/s/ James C. Cosby_____
                 Counsel

James C. Cosby, Esq. (VSB No. 25992)
James W. Walker, Esq. (VSB No. 29257)
Katherine M. Rockwell, Esq. (VSB No. 93733)
O'HAGAN MEYER, PLLC
411 East Franklin Street, Suite 500
Richmond, VA 23219
Tel:   804.403.7100
Fax:   804.403.7110
Email: jcosby@ohaganmeyer.com
       jwalker@ohaganmeyer.com
       krockwell@ohaganmeyer.com
*Counsel for SOURCETECH, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter.

_____/s/ James C. Cosby_____
*Counsel for SOURCETECH, LLC*