# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA
## Harrisonburg Division

| | | |
|---|---|---|
| SOURCETECH, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 5:20-cv-00041 |
| | ) | |
| DEATSCHWERKS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF ANDREW PATTERSON

1. My name is Andrew Patterson (better known as Drew), and I am over eighteen years of age, of sound mind, and capable of making this Affidavit. I have personal knowledge of the facts and statements made herein, and they are true and correct to the best of my knowledge.

2. I reside in Cross Junction, Virginia in Frederick, County. I am the founder and managing member of SOURCETECH, LLC ("ST"), a Virginia limited liability company, the plaintiff in the above-captioned lawsuit, and have been during all times relevant to this lawsuit.

3. ST designs and supplies, among other things, custom, high-performance automotive fuel pumps and fuel system components.

4. ST has its only place of business at 205 Brick Kiln Road, Frederick County, Virginia.

5. ST currently has two full-time employees: myself and my operations manager, Traci Bray-Taylor. Ms. Bray-Taylor resides in Charlestown, West Virginia.

6. Our customer, DeatschWerks ("DW"), sells high-performance fuel pumps and other fuel delivery components, many of which we have engineered and supplied to DW since 2008.

EXHIBIT A

7. To the best of my knowledge, Deatsch Werks' current principal place of business is at 415 East Hill Street, Oklahoma City, Oklahoma.

8. In November 2008, I sent the Confidential, Non-Circumvention, Non-Competition and Non-Solicitation Agreement ("Agreement") to David Deatsch, owner of DW. The only change requested by Mr. Deatsch was the addition of a list of four manufacturers that Mr. Deatsch wanted excluded from our agreement. He added a note to the signature page and this list of manufacturers to his signed copy of this agreement which I received on December 1, 2008. I signed and returned the Agreement to Mr. Deatsch on December 4, 2008 on behalf of Global Safety Products, LLC, renamed SOURCETECH LLC in September 2015. A true and correct copy of the Agreement was attached to the Complaint as Exhibit A.

9. From time to time after Mr. Deatsch and I executed the Agreement, Mr. Deatsch requested that ST design and supply DW with high-performance fuel pumps and other fuels system parts manufactured to his fitment and/or performance requirements.

10. ST engineered and contracted production of various custom products requested by DW from its facilities in Frederick County and performed substantially all its work under the Agreement in and from Frederick County. ST contracted with international manufacturers to produce its designs and ship finished products.

11. ST and DW conducted business mostly by telephone, email, or other electronic communication. From 2008 to 2018, I met with David Deatsch, his brother Michael, and other DW staff at the annual Specialty Equipment Manufacturers Association ("SEMA") trade show in Las Vegas. Between 2008 and 2018, I visited Mr. Deatsch's facilities on four occasions to discuss projects, payment terms and meet DW staff members.

EXHIBIT A

12. Dan Rivenbark is an engineering consultant located in Hagerstown, Maryland. He is not and has never been an employee of ST. ST has engaged Mr. Rivenbark to work on several projects for DW and other ST clients. Mr. Rivenbark was contracted to assist ST in developing several of the product designs that are at issue in this action. He is personally familiar with ST's designs and ST's efforts to protect the secrecy of its designs. He has several years of experience in the automotive aftermarket parts industry. In particular, Mr. Rivenbark was the lead engineer for a relatively recent fuel rail project for DW. That project appears to be referenced in the Counterclaims for breach of contract and warranty. Mr. Rivenbark has firsthand knowledge of the number of design changes requested by Mr. Deatsch, the nature of those changes, the impact of those demands on the engineering effort and other facts germane to this issue in the case.

13. Kim Denison has been ST's accountant and controller since 2012. She is not now and has never been an employee. Ms. Dennison resides in Berryville, Virginia. Ms. Denison's work with ST involves knowledge of, among other things, client and vendor agreements, product cost, tariffs and import fees, air and ocean freight rates, client pricing, margins, warranty claims and credits, sales projections, travel to China, engineering, technical services and other product development expenses. Ms. Denison is also very familiar with DW's slow payment history and multiple DW vendor credit reference requests. In sum, Ms. Denison has extensive knowledge of the damages ST has sustained as a result of DW's conduct.

14. ST contracted with Applied Technical Services ("ATS") in Chesapeake, Virginia to perform laboratory testing in connection with warranty claims made by Deatschwerks. To the extent DeatschWerks' breach of contract and warranty claims involve DW350il and/or DDW25il

EXHIBIT A

pumps, ATS was directly involved in testing and developing a revised new manufacturing specification and quality standard.

Executed of this **25TH** day of September 2020.

_____
Andrew Patterson

COMMONWEALTH OF VIRGINIA    )
                            )   to wit:
COUNTY OF FREDERICK         )

The abovenamed affiant personally appeared before me this **25th** day of September 2020 and, upon being duly sworn, made oath that the facts stated in the foregoing affidavit are true and accurate to the best of his knowledge, information and belief.

_____
Notary Public

My Commission expires:   **8·31·2021**

4

EXHIBIT A