## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | |
|---|---|
| SOURCETECH, LLC,<br>a Virginia limited liability company,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DEATSCHWERKS, LLC,<br>an Oklahoma limited liability company,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Case No. 5:20-cv-00041<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S REBUTTAL TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S AMENDED MOTION TO TRANSFER VENUE, WITH SUPPORTING BRIEF

Defendant DeatschWerks, LLC, through its undersigned counsel, submits the following Rebuttal, with supporting brief, in response to the arguments raised in Plaintiff Sourcetech, LLC's Brief in Opposition to DeatschWerks, LLC's Amended Motion to Transfer Venue:

**I.   IT IS UNDISPUTED THAT THIS COURT CURRENTLY MAINTAINS JURISDICTION PURSUANT TO 28 U.S.C. § 1404(A).**

Plaintiff goes to great lengths in its Brief in Opposition (Doc. 25) to Defendant DeatschWerks, LLC's ("DeatschWerks") Amended Motion to Transfer Venue (Doc. 25) to attempt to point out what it deems a "curious" misstatement on DeatschWerks' part, as DeatschWerks asserted in its counterclaims that "venue is not proper in this Court under 28 U.S.C. § 1391." Doc. 23, pg. 9, ¶ 6. Plaintiff cannot in good faith argue that venue might be proper in the Western District of Virginia pursuant to 28 U.S.C. § 1391. Section 1391 governs venue in "all civil actions brought in the district courts

of the United States." *See* 28 U.S.C. § 1391(a)(1) (emphasis added). As this action was not originally "brought in [a] district court[] of the United States", 28 U.S.C. § 1391 is wholly inapposite to Defendant's Amended Motion to Transfer Venue to the Western District of Oklahoma. Therefore, contrary to Plaintiff's argument that DeatschWerks' assertion that venue does not lie with this Court pursuant to 28 U.S.C. § 1391 is "improper" and "legally incorrect" (*see* Doc. 27, pg. 4), DeatschWerks' assertion is, in fact, true: Venue does not lie with the U.S. District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1391; it lies with this Court pursuant to 28 U.S.C. § 1404(a).

If DeatschWerks intended to assert that this matter should be transferred to the Western District of Oklahoma because venue was improper in this Court pursuant to 28 U.S.C. § 1391, it would have properly filed its Amended Motion to Transfer Venue pursuant to 28 U.S.C. § 1406, rather than pursuant to 28 U.S.C. § 1404(a). But DeatschWerks does not so intend. As Plaintiff states in its Brief in Opposition, "[t]he general venue statute, 28 U.S.C. § 1391, 'has no application to this case because this is a removed action.'" (Doc. 27, pg. 3) (citing *Gentry Locke Rakes & More, LLP v. Energy Development Corp.*, No. 7:17-CV-102, 2017 WL 1498117, at *2 (W.D. Va. Apr. 25, 2017)).

## II.  THE SUPREME COURT'S HOLDING IN *ATLANTIC MARINE* IS AUTHORITATIVE.

In its Brief in Opposition, Plaintiff further attempts to persuade the Court, inaccurately so, that DeatschWerks seeks to mislead the Court by relying on the Supreme Court's precedent established in *Atlantic Marine Construction Co. v. U.S.*

*Dist. Court for the Western Dist. of Texas*, 571 U.S. 49 (2013), which this Court must follow. DeatschWerks has not misinterpreted the Court's holding in *Atlantic Marine* or misapplied it in support of its Amended Motion to Transfer Venue. Plaintiff is correct that the Supreme Court ruled that a forum selection clause *may* be enforced through a motion filed pursuant to 28 U.S.C. § 1404(a) (Doc. 27, pg. 4; *see also Atlantic Marine*, 571 U.S. at 49-50), and when a valid forum selection clause is present, it should "be given controlling weight in all but the most exceptional cases" (*Id. at* 51); however, Plaintiff is incorrect in arguing that the Supreme Court limited its holding in *Atlantic Marine* to cases involving enforcement of forum selection clauses.

Whether the parties' contract contains a forum-selection clause has no bearing on whether the federal venue rules apply. *Id.* at 50. Congress' intent in enacting the federal venue rules is that venue should always lie in *some* federal court whenever federal courts have personal jurisdiction over the defendant. *Id.* The Court made clear that its holding in *Atlantic Marine* simply modifies the Section 1404(a) analysis when a valid forum selection clause is present, as follows: (1) the plaintiff's choice of forum is disregarded; (2) the parties' private interests, except those embodied in the forum selection clause, are disregarded; and (3) when a party bound by a valid forum selection clause files suit in another forum, a transfer of venue will not carry with it the original venue's choice of law rules. *Id.*

However, a forum selection clause is not at issue in this case. And importantly, the proposition for which DeatschWerks offers the Court's *Atlantic Marine* holding as authority – that "[w]hen a defendant files a [Section] 1404(a) motion, a district court

should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer" (*Atlantic Marine*, 571 U.S. at 50-51) – remains intact despite Plaintiff's contention to the contrary. Plaintiff's argument that DeatschWerks' counsel "could not, in good faith, read the *Atlantic Marine* opinion and argue that the opinion has any bearing on a typical § 1404(a) motion not involving a forum selection clause" (Doc. 27, pg. 5) is nonsensical. *Atlantic Marine* directly applies to DeatschWerks' Amended Motion to Transfer.

## III. THE WESTERN DISTRICT OF VIRGINIA WAS NOT PLAINTIFF'S CHOSEN FORUM.

Plaintiff is correct that the *Eastern* District of Virginia held in *Board of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.* that "before transfer is warranted, a defendant must demonstrate that the deference due plaintiff's choice of venue is 'clearly outweighed by other factors.'" 702 F. Supp. 1253, 1256 (E.D. Va. 1988). However, Plaintiff fails to complete its recitation of the court's statement on the topic. Following the portion of the court's statement upon which Plaintiff relies, the court continues and holds that "the weight given to plaintiff's choice of venue varies with the significance of the contacts between the venue chosen by plaintiff and the underlying cause of action. For obvious reasons, the plaintiff's choice is entitled to less weight where there is little to connect the chosen forum with the cause of action." *Id*.

Further, Plaintiff's reliance on *Sheet Metal Workers Nat'l Fund* and *Nelson v. Tidal Basin Holding, Inc.* is misplaced. *Sheet Metal Workers Nat'l Fund* is an ERISA action, and ERISA's special venue provisions provide "a further policy rationale in

favor of according a plaintiff's choice of forum somewhat greater weight than would typically be the case." *Sheet Metal Workers Nat'l Fund*, 702 F. Supp. at 1256. In *Nelson*, the *plaintiff*, rather than the defendant, sought to transfer the case from the district in which he initially filed it, so the court's analysis is hardly relevant here. *See Nelson v. Tidal Basin Holding, Inc.*, No. 5:19-CV-00030, 2019 WL 6107862 (W.D. Va. Nov. 15, 2019). Additionally, the decisions in both *Sheet Metal Workers Nat'l Fund* and *Nelson* predate the Supreme Court's *Atlantic Marine* decision.

Plaintiff also relies on *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 738 (E.D. Va. 2007) for its argument that "when plaintiffs file suit in their home forum, convenience to the parties rarely, if ever, operates to justify transfer." The U.S. District Court for the Eastern District of Virginia did make this statement in its ruling; however, it did so in reliance on *Sheet Metal Workers Nat'l Fund*, which, as stated above, was an ERISA action with special venue provisions. And although the court made this statement, it also held that "[t]he convenience of the parties is also a relevant consideration. When evaluating this factor, '[t]he logical starting point is a consideration of the residence of the parties.'" *JTH Tax*, 482 F. Supp. 2d 731, 738 (citing *Mullins v. Equifax Info. Servs., LLC*, 2006 WL 1214024, at *6 (E.D. Va. Apr. 28, 2006)).

Of utmost importance in this analysis is the fact that Plaintiff ***did not*** originally file this lawsuit in the Western District of Virginia, which further erodes the efficacy of its reliance on the myriad of cases discussed hereinabove. As stated in its Brief in Opposition, Plaintiff "chose to file this lawsuit in Frederick County,

Virginia" (*see* Doc. 27, pg. 6), a ***state court***, to which the analyses regarding transfer of venue from a plaintiff's chosen forum, with which Plaintiff supports its Brief in Opposition, are wholly inapplicable.

## IV. INCONVENIENCE TO PLAINTIFF'S WITNESSES CAN BE REMEDIED, AND THE WESTERN DISTRICT OF OKLAHOMA CAN ABLY APPLY VIRGINIA LAW.

Plaintiff's statement that "[t]he global pandemic has shown us that trial lawyers, litigants, witnesses and the Court can litigate almost any case without ever having the [*sic*] set foot in a courtroom until trial" (Doc. 27, pg. 8) is true, but the argument it supports equally favors transfer to the Western District of Oklahoma. Just as Plaintiff postulates that any inconvenience to DeatschWerks' witnesses can be remedied with the assistance of modern technology, any alleged inconvenience to Plaintiff's witnesses arising from transfer to the Western District of Oklahoma can also be so remedied. But this extraneous consideration is not determinative. Although the practice of law and methods of litigation are changing rapidly due to the Covid-19 pandemic, whether technology may make participation more convenient for certain witnesses has yet to be considered by the federal courts in deciding a motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

Moreover, federal courts are well equipped to apply the laws of states outside the states in which they sit; therefore, Plaintiff's argument that this matter should remain in the Western District of Virginia because this Court is "intimately more familiar with the state law claims set forth in both the Complaint and Counterclaim" (Doc. 27, pg. 11), for which Plaintiff offers no authority in support, is impertinent. "[F]ederal judges routinely apply the law of a State other than the State in which

6

they sit." *Atlantic Marine*, 571 U.S. at 67. Like the Supreme Court was not in *Atlantic Marine*, DeatschWerks is not aware of any "exceptionally arcane features" of Virginia law which the capable judges in the Western District of Oklahoma could not properly apply. *See Id.* at 68.

**V.   CONCLUSION**

Plaintiff's Brief in Opposition to DeatschWerks' Amended Motion to Transfer Venue to the Western District of Oklahoma is fraught with inaccurate applications and conclusions of law. The fact remains that Plaintiff filed this action in state court, DeatschWerks properly removed it to the only venue to which it could be removed, the Western District of Virginia, and DeatschWerks now seeks to transfer the matter to the Western District of Oklahoma, where it will most properly be heard. As provided herein and in DeatschWerks' Amended Motion to Transfer Venue, all relevant factors weigh in favor of transferring this matter to the Western District of Oklahoma. Therefore, Defendant DeatschWerks, LLC respectfully requests that this Court grant its Amended Motion to Transfer Venue to that District pursuant to 28 U.S.C. § 1404(a) and award DeatschWerks, LLC its attorneys' fees and costs incurred in this action, as well as all additional relief this Court deems just and equitable.

Respectfully submitted,

*/s/* Jason C. Bollinger
Anne E. Zachritz, OBA No. 15608
Jason C. Bollinger, OBA No. 33794
RESOLUTION LEGAL GROUP
1214 N. Hudson Ave.
Oklahoma City, OK  73103
Tel: (405) 235-6500
Fax: (405) 758-4775

Email:   anne@resolutionlegal.com
         jcbollinger@resolutionlegal.com

and

Rosalie Pemberton Fessier
VSB #39030
Brittany E. Shipley
VSB #93767
TimberlakeSmith
25 North Central Avenue
P.O. Box 108
Staunton, VA  24402-0108
Phone: 540/885-1517
Fax:    540/885-4537
Email:   rfessier@timberlakesmith.com
         bshipley@timberlakesmith.com

*Attorneys for Defendant DeatschWerks, LLC*

## CERTIFICATE OF SERVICE

I certify that on October 2, 2020, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James C. Cosby
James W. Walker
Katherine M. Rockwell
O'Hagan Meyer, PLLC
411 East Franklin St., 5th Floor
Richmond, VA 23219

*Attorneys for Plaintiff Sourcetech, LLC*

/s/ Jason C. Bollinger
Jason C. Bollinger