IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| SOURCETECH, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:20-cv-00041 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DEATSCHWERKS, LLC, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Sourcetech, LLC filed this action in Frederick County Circuit Court, and it was removed to federal court by the defendant, DeatschWerks, LLC.  (Dkt. No. 1.)  DeatschWerks now moves to transfer this matter to the Western District of Oklahoma.  (Dkt. Nos. 24, 25.)  The court held a hearing on this motion on November 4, 2020.  (Dkt. No. 30.)

DeatschWerks failed to meet its burden of demonstrating that the interests of justice favor transfer and outweigh Sourcetech's choice of venue.  Therefore, DeatschWerks' motion will be denied.

## I.  BACKGROUND

Sourcetech is a Virginia company with its principal place of business in Frederick County. Sourcetech's business involves supplying custom designed, high-performance automotive and powersports components to the United States market.  (Compl. ¶ 1, Dkt. No. 1-1.)  DeatschWerks is an Oklahoma company with its principal place of business in Oklahoma City.  It sells high-performance fuel pumps and other fuel delivery components.  (*Id. ¶ 2.*)  The parties' dispute relates to a Non-Competition and Non-Solicitation Agreement, executed in 2008.  (Compl., Ex. A.)  The contract requires DeatschWerks to purchase fuel pumps and other fuel system parts exclusively (with some exceptions) from Sourcetech.  (*See id.*)

The parties conducted their business almost entirely remotely, either by telephone, email, or other electronic communications.  At some point during the course of their business relationship, Sourcetech introduced DeatschWerks to two manufacturing companies located in China. Sourcetech alleges that, since 2018, DeatschWerks breached its contractual obligations by working directly with these two companies and by misappropriating Sourcetech's designs and proprietary work.

## II.  ANALYSIS

DeatschWerks moves for transfer under 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  The parties do not dispute, as the plain language of § 1404(a) requires, that the action could have been brought in the Western District of Oklahoma.

As the party seeking transfer, DeatschWerks bears the "heavy burden" of establishing that transfer is warranted.  *Savvy Rest, Inc. v. Sleeping Organic, LLC*, Civil Action No. 3:18CV00030, 2019 WL 1435838, at *8 (W.D. Va. Mar. 29, 2019).  Courts consider a number of factors, including the plaintiff's choice of venue, the convenience of the parties and witnesses, and the interests of justice.  *Id.* (citing *Gen. Creation LLC v. LeapFrog Enters.*, 192 F. Supp. 2d 503, 504 (W.D. Va. 2003)).  "The plaintiff's choice of forum should rarely be disturbed unless the balance is strongly in favor of [the] defendant."  *Id.*  And when "deciding a motion to transfer, it is important to bear in mind that such a motion should not be granted if it simply shifts the inconvenience from the defendant to the plaintiff."  *Triangle Grading & Paving, Inc. v. Rhino Servs., LLC*, 1:19CV486, 2020 WL 2086188, at *17 (M.D.N.C. Apr. 30, 2020).

Contrary to the well-established case law placing the burden on the defendant, DeatschWerks argues that the burden rests with Sourcetech to show that this matter should *not* be

transferred to the Western District of Oklahoma.  This argument is based on a misreading of a Supreme Court case which held that when "the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause.  Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."  *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013).  Even though the contract in this case does not contain a forum selection clause, DeatschWerks insists, pursuant to *Atlantic Marine*, that this matter should be transferred unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor transfer.[1] The argument that the *Atlantic Marine* standard applies outside the context of a mandatory forum selection clause has been rejected by several circuit courts, including the Fourth Circuit.  "Although the *Atlantic Marine* Court did not expressly hold that only a mandatory forum selection clause modifies the *forum non conveniens* framework, the Court's rationale makes clear that this is so. Our sister circuits appear to have reached the same conclusion."  *BAE Sys. Tech. Sol. & Services, Inc. v. Republic of Korea*, 884 F.3d 463, 471 (4th Cir. 2018) (citing cases from the First, Second, Fifth, and Eleventh Circuits).

Addressing the relevant factors, DeatschWerks argues that its witnesses, who reside in Oklahoma City, would be inconvenienced by this matter being litigated and tried in Virginia, and it would also suffer hardship because its non-party witnesses could not be compelled to attend trial in the Western District of Virginia.  DeatschWerks does not explain who would be inconvenienced, the extent of the inconvenience, and why their testimony would be so important to their case. Conversely, Sourcetech explains that, beyond its current employees, Sourcetech would present

---

[1] In its brief, DeatschWerks cites to the syllabus of the decision in *Atlantic Marine*.  (Def.'s Br. 8–9, Dkt. No. 25 ("When a defendant files a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor transfer.") (citing *Atl. Marine*, 571 U.S. at 49–50).)  The syllabus "constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader."  571 U.S. at 49 n.*.

3

important trial testimony from two nonparty witnesses who would be inconvenienced by a trial in Oklahoma City: Dan Rivenbark, an engineering consultant located in Hagarstown, Maryland, and Kim Denison, Sourcetech's accountant and controller, who lives in Berryville, Virginia.  Riverbank would testify about many of the product designs at issue in this case.  Denison would testify about, among other topics, Deatschwerk's slow payment history and Sourcetech's damages.  (Affidavit of Andrew Patterson (Patterson Aff.) ¶¶ 12–13, Dkt. No. 27-1.)

DeatschWerks also notes the physical presence of documents in Oklahoma.  DeatschWerks does not explain why this circumstance would be burdensome or difficult to overcome.  The parties in this case interacted remotely with each other and with third-party international manufacturing companies.  The "accessibility" of much of the evidence in this case is "unlikely to be affected by the choice of venue."  *Terry v. Walker*, 369 F. Supp. 2d 818, 823 (W.D. Va. 2005).

Finally, DeatschWerks suggests that Sourcetech's choice of venue should be given no weight because Sourcetech filed suit in state court.  DeatschWerks cites no authority for this proposition, which defies logic and common sense.  Sourcetech may have preferred state to federal court, but it also clearly prefers any court in Virginia to a court located in another state.  *See, e.g.*, *S. End. Constr., Inc. v. Tom Brunton Masonry, Inc.*, Civil Action No. 7:12-cv-390, 2012 WL 4460558, at *3 (W.D. Va. Sept. 18, 2012) ("Whether the plaintiff initially elected to place the litigation in state or federal court is of little import in the § 1404(a) analysis, which involves primarily an examination of convenience factors based on geography.") (quoting *Oien v. Thompson*, 824 F. Supp. 2d 898, 905–06 (D. Minn. 2010)).

Ultimately, DeatschWerks failed to meet its heavy burden of demonstrating that transfer would do anything more than shift the inconvenience of litigating in a different state from DeatschWerks to Sourcetech and subvert Sourcetech's choice of forum.  Therefore, the motion to transfer will be denied.

4

III.  CONCLUSION

For the reasons stated herein, it is HEREBY ORDERED that DeatschWerks' motion to transfer this case to the United States District Court for the Western District of Oklahoma (Dkt. Nos. 24, 25) is DENIED.

The clerk is directed to send a copy of this memorandum opinion and order to all counsel of record.

Entered: December 4, 2020.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge